438

595 P.2d 670

The STATE of Arizona, Petitioner,

v.

The Honorable Harry GIN, Judge of the Superior Court in and for the County of Pima, State of Arizona, Respondent,

and

Arleen Roberta Alvarez, Real Party in Interest.

No. 2 CA–CIV 3230.

Court of Appeals of Arizona, Division 2.

April 11, 1979.

Rehearing Denied May 16, 1979.

Stephen D. Neely, Pima County Atty., by Julia W. S. Anderson, Deputy County Atty., Tucson, for petitioner.

Richard S. Oseran, Pima County Public Defender, by Michael J. Addis, Asst. Public Defender, Tucson, for real party in interest.

OPINION

RICHMOND, Chief Judge.

The state has brought a special action to challenge the ruling of the respondent court permitting the real party in interest to withdraw her waiver of a jury trial after the state had offered documentary exhibits pursuant to an agreement to submit the case on that evidence and the testimony of one witness. We assume jurisdiction and grant relief.

The real party in interest was charged with two counts of unlawful sale of heroin in violation of A.R.S. § 36–1002.02 and § 36–1002.10, as amended, and agreed to submit the determination of her guilt or innocence to the court. Pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 18, she was advised of her right to a jury trial and the court made a finding of a voluntary relinquishment of that right. The state then proceeded to offer the documentary items which had been marked for identification as exhibits 1 to 4. After defense counsel asked to look at the exhibits, he announced that his client wanted a trial with a jury.

Under rule 18.1(b)(3):

With the permission of the court, the defendant may withdraw his waiver of jury trial but no withdrawal shall be permitted after the court begins taking evidence.

The state sought to prevent withdrawal of the waiver unless a mistrial was declared for fear that jeopardy had attached and it would be barred from another prosecution. As an alternative the prosecutor suggested the court make a finding of guilt and then grant a motion for new trial. The real party in interest did not move for a mistrial but the court took the position that it had not begun taking evidence and permitted her to withdraw her waiver.

The obvious purpose of the limitation in the rule is to terminate the right to withdraw the waiver at the point of transition from pre-trial to trial. A defendant is not entitled to reweigh the possibility of success with a jury versus a non-jury trial after the latter has commenced. In that context, the process of "taking evidence" began when evidence was offered. It follows that the attempted withdrawal of the waiver of jury trial came too late and the respondent court exceeded its jurisdiction in permitting it.

It is ordered that the matter proceed pursuant to the agreement between the state and the real party in interest.

HOWARD and HATHAWAY, JJ., concur.